Dear Ms. Wilks:
You advise this office that the Louisiana Auctioneers Licensing Board (the Board) has selected an individual to provide investigative services for the Board during the upcoming fiscal year.[1] This investigator provides his services pursuant to contract. He has also recently accepted full-time employment as an investigator for the office of the District Attorney, Nineteenth Judicial District. You ask if the provisions of the Louisiana Dual Officeholding and Dual Employment Law, R.S. 42:61, et
seq., would prohibit this individual from holding both positions.
For the provisions of the dual officeholding laws to be applicable, there must be two or more positions of employment and/or public office under consideration. Here, the investigator for the Board works pursuant to a professional services contract. Such a contractual position is not considered a ". . . . job compensated on a salary or per diem basis" and does not constitute "employment" within the ambit of the dual officeholding prohibitions. See. R.S. 42:62(3).[2]
This office has issued several opinions which reflect that the dual officeholding provisions are inapplicable to an individual who enters into a professional services contract. See Opinions 02-342, 96-359, and 95-391, copies attached. *Page 2 
While the dual officeholding provisions are inapplicable here, please note that the duties of the two positions must not conflict. You state that there are no scheduling conflicts, inasmuch as the Board's investigative work takes place during weekends and evenings. Further, you advise that the district attorney's office has no objection to an investigator working for the Board during off hours.
The conclusion of this office is limited to an examination of the dual officeholdiing laws. Questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics for an advisory ruling, addressed to that agency at 2415 Quail Drive, Baton Rouge, LA 70808, 225-763-8777.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRIK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 37:3112(C)(5) authorizes the Board to "select and appoint investigators to assist the board in investigating complaints filed against any licensed auctioneer. . . ."
[2] R.S. 42:62(3) defines "employment" for purposes of dual officeholding as follows:
(3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof. *Page 3 
 ATTACHMENT OPINION 02-0342 September 5, 2002.
78 DUAL OFFICEHOLDING
R.S. 42:62 A justice of the peace who contracts with a governmental agency is not within the purview of the dual officeholding law.
Mr. John Feduccia Attorney at Law Post Office Box 2266 123 South Oak Street Hammond, LA 70404
Dear Mr. Feduccia:
We are in receipt of your inquiry concerning Mr. Milton Doll's eligibility to hold the elective position of justice of the peace while under contract as superintendent of the Florida Parishes Juvenile Detention Center.
This office has previously observed that where an individual enters into a professional service contract, such is not considered to be a job compensated on a salary or a per diem basis, and thus there is no violation of the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq. See Attorney General Opinion 96-359.
Accordingly, the Dual Officeholding and Dual Employment Laws have no application in this matter. However, because justices of the peace are governed by the Code of Judicial Conduct, we suggest you consult the Judiciary Commission of the Louisiana Supreme Court for an advisory ruling, at 301 Loyola Avenue, Room 109, New Orleans, Louisiana, 70112.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:ams *Page 4 
 ATTACHMENT OPINION NUMBER 96-359 September 27, 1996.
78 OFFICERS — Dual Officeholding LSA-R.S. 42:63(D)
A parish councilman may enter into a contractual relationship with St. Bernard Parish Sheriff's Department to perform evaluations of juveniles.
Councilman Craig P. Taffaro, Jr. St. Bernard Parish Government 8201 West Judge Perez Drive Chalmette, Louisiana 70043
Dear Councilman Taffaro:
This office is in receipt of your opinion request where you ask us to consider whether you may enter into a contractual agreement with the St. Bernard Parish Sheriffs Department as a juvenile counselor and continue to hold your position as Councilman, District D., in St. Bernard Parish. In addressing your inquiry, we look to the Louisiana Dual Officeholding and Dual Employment Laws found in LSA-R.S. 42:61, et seq.
We first look to LSA-R.S. 42:62, which contains the definitions and specifically states:
 "(1) `Elective office' means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) `Appointive office' means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) `Employment' means any job compensated on a salary or per diem basis, *Page 5 
other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof."
Also pertinent to your inquiry is LSA-R.S. 42:63(D) stating:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or
clerk of court." (Emphasis added).
Your position with the St. Bernard Parish Government classifies you as a member of a parish governing authority as described in § 63 (D). This section prohibits you from concurrently holding any office or employment with the sheriff. We must therefore determine whether your proposal to evaluate juveniles for the sheriff's office will be classified as employment for the purposes of LSA-R.S. 42:63(D). You advise us you will enter into a contractual agreement with the St. Bernard Parish Sheriff Department to perform evaluations of juveniles in the parish juvenile detention center.
This office has previously observed that where an individual enters into a professional service contract, such is not considered to be a job compensated on a salary or per diem basis, and does not constitute employment within the dual officeholding prohibition. See Attorney General Opinions 95-391, 93-190, 92-43, 90-578. We are of the opinion that the relationship you intend to enter into with the St. Bernard Parish Government is a professional service contract, and you may enter into this contract and continue in your duties as parish councilman. *Page 6 
We hope the foregoing answers your inquiry. If this office may be of any further assistance to you, please contact us.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
KLK:ams *Page 7 
 ATTACHMENT OPINION NUMBER 95-391 July 22, 2008.